### SHUTTLEWORTH v. CROWN CAN CO.

### No. 9334.

Circuit Court of Appeals, Seventh Circuit.

Nov. 7, 1947.

H. K. Bachelder, Wm. C. Bachelder, and Eugene Fife, Jr., all of Indianapolis, Ind., for appellant.

James R. Newkirk and William G. Keane, both of Fort Wayne, Ind., for appellee.

Before EVANS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Appellee moves to dismiss the appeal herein because, as it contends, (1) appellant has failed to comply with Rule 75(a) of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, in that he did not serve upon appellee a copy of the designation of portions of the record to be included in the record on appeal; (2) appellant has failed to comply with Rule 75(b) and (c) in that he failed to advise appellee of the filing of a narrative statement of evidence; (3) appellant has failed to comply with Rule 75(d) and (g) in that his rec-

ord on appeal is inaccurate and incomplete and in that he did not serve upon appellee a concise statement of the points upon which he intends to rely in this appeal; (4) appellant has not complied with Rule 9 of this court in that he did not file with the Clerk of the District Court for inclusion in the record on appeal, a statement of points; (5) the printed record filed is incomplete, inaccurate and insufficient; (6) the statement of points included in the printed record is insufficient.

An earlier motion to dismiss the appeal was filed April 1, 1947. Appellee filed also, on April 21, 1947, a petition to require appellant to correct the record on appeal. Appellant on April 3, 1947, filed his petition for an order permitting correction of the record, stating that, having been informed that appellee had not received notice of appeal or designation of the record, counsel for appellant, on March 22, 1947, mailed to counsel for appellee a copy of the notice of appeal, designation of record and statement of points. In this motion petitioner expressly prayed an order instructing the Clerk to correct the record by incorporating a copy of the statement of points in the printed record. Appellee answered this motion, asking for various reasons that it be denied, relying principally upon its averment that the narrative statement of evidence included in the record was insufficient. On April 11, 1947, the court allowed the motion. On the same day, the motion of appellee to dismiss the appeal was denied without prejudice to appellee's right to renew it, at the time of the hearing on the merits. On April 25, 1947 it was ordered, upon appellee's motion to require appellant to correct the record, that the narrative statement of evidence be stricken from the original transcript of record and that the question and answer transcript of testimony be substituted and stand as the evidence on appeal and its printing be dispensed with.

From the record, therefore, it is clear that this court has previously passed upon appellee's motion to dismiss in so far as grounds 1 to 4 inclusive are concerned. We see no occasion to modify our previous orders in these respects. There remain, therefore, grounds 5 and 6 of the present motion for our determination.

■■ The fifth ground is that the printed record is inaccurate and insufficient. It is clear that appellee sought and secured an order to correct the record and that the court ordered the narrative statement of evidence stricken and the original evidence filed and used on appeal without the necessity of printing it in the record. If there remains any deficiency in the present record, we think that appellee's remedy lies not in a motion to dismiss but in proper steps to have the record corrected under Federal Rule 75(h). Appellee contends in this connection that the paragraph of the complaint which was in issue at the trial has been omitted from the record, yet the Clerk has certified that there was filed on October 18, 1944 an amended second paragraph of the amended complaint and the same appears in the record. If, at the trial, consideration was not given to that paragraph and if, as appellee contends, the Clerk was in error in certifying that paragraph, appellee's remedy for completion of the record is clear under Federal Rule 75(h). If the parties can not stipulate as to which paragraph was in issue in the District Court, appellee is at liberty to invoke that remedy.

■ The sixth reason for dismissal urged is that the statement of points included in the printed record is wholly insufficient under Rule 9 of this court. As has been seen this court has already permitted the statement of points to be included in and made a part of the record, all with the full knowledge of appellee who, consequently, has long since had full cognizance of the same. That statement of points, though perhaps not artfully drawn, discloses clearly that appellant attacks the judgment of the court in that it insists that the District Court should have held, as a matter of law, that appellee owed a contractual duty to provide appellant with adequate can-closing machinery and erred in holding that appellee owed appellant no duty to replace inadequate machinery when defects became apparent and in refusing to hold that appellee failed to discharge its duty to appellant, inasmuch as the evidence showed that appellee did not exercise due care in selecting and testing the machinery furnished and in maintaining it in good repair. The amended complaint charged that it was the duty of appellee to furnish closing machinery adequate and fit for the purpose of closing appellant's cans; that appellee failed to perform that duty; that the machinery did not properly close cans and was not fit for the purpose of properly closing cans in actual operation and that as a result of the appellee's failure to perform its duty in that respect, appellant was damaged. All this appellee denied. In its special findings the trial court found that the closing machinery was free from any defects when it was delivered to appellant; that the men who installed, adjusted, and repaired the machinery possessed the mechanical skill, knowledge and ability to do the work assigned to them; that they were competent and available when needed and ready to make adjustments and repairs as requested and needed, and that appellee exercised due care in furnishing and serving the machinery. The court concluded as a matter of law that appellee was not negligent in any of the respects complained of; that appellee used the care required by law and that appellant was not entitled to recover.

As we have suggested, the statement of points might have been more skillfully framed. We think, however, that it presents a clear issue of the propriety of the action of the trial court in refusing to hold that, upon evidence submitted, appellee failed to comply with its duty to furnish adequate machinery, and negligently repaired and adjusted the machinery and that, as a result, appellant was damaged. The court found against appellant upon each issue and the latter proposes in this appeal to attack the correctness of the court's ruling as to each. This, it seems to us, brings the statement of points within the requirement that it should be of such character as to present clear-cut issues of law.

We are not sure that there is any error in the record at this time but, if there is, as we have said, the parties have adequate remedy in that respect under the rules of civil procedure.

The motion to dismiss is denied.