SEIGAFOLAVA R. PENE and
CARMENCITA PENE, Plaintiffs

v.

AMERICAN SAMOA POWER AUTHORITY and
ABE MALAE, Executive Director, Defendants

High Court of American Samoa
Trial Division

CA No. 67-88

February 1, 1989

Before KRUSE, Chief Justice, TAUANU`U, Chief
Associate Judge, and AFUOLA, Associate Judge.

Counsel: Plaintiffs Seigafolava R. Pene and
        Carmencita Pene pro se
     For Defendants, Robert Dennison, Assistant
      Attorney General

On Motion for Reconsideration:

Plaintiff, Seigafolava R. Pene, moves the
Court, "in conformity with applicable statutes of
this jurisdiction," for reconsideration of the
Court's decision in the above-entitled matter.

Plaintiff essentially complains: 1) that the
presiding justice in this matter should have

23

recused himself from hearing this case; and 2) that the Court's assessment of the evidence was erroneous.

Plaintiff repeatedly made oral motions for recusal in open court and, on as many occasions, his motions were denied. No new grounds are advanced herewith for reconsideration of this recurring motion. Instead, plaintiff reasserts his same objection that the presiding justice has previously referred to him as "incoherent and unskillful." Plaintiff's Affidavit in Support of Motion For Reconsideration at 2. Plaintiff in his moving papers conceded that, "Justice Kruse had explained that he was referring to my pleadings, (against the same defendants)." However, he goes on to opine that "it is my belief and understanding that the writer/preparer of said pleadings is definitely the subject of said evaluation." Id. Plaintiff feels that he has been unjustifiably and publicly maligned by the justice and he apparently considers it proper that another justice should have been assigned to his case.

As this recusal request is being repeatedly made by plaintiff appearing pro se, and hopefully to restore his sense of honor, the Court is moved to elaborate on its reasons for repeated denial of this request.

The language found to be offensive occurs in Seigafolava v. American Samoa Power Authority, 4 A.S.R.2d 152 (1987). This case involved the same plaintiff and the same principal defendants.[1] Defendants in that matter moved for summary judgment upon a number of grounds, including the failure of plaintiff's pleadings to state a claim in damages. In response, and actually in plaintiff's favor, the Court there held:

> "We agree that the plaintiff's pleadings
> are patently insufficient, but disagree
> that a T.C.R.C.P. Rule 56 motion for
> summary judgment is the proper device for

---

[1] This matter never went to trial but was dismissed with prejudice upon stipulation of the parties. The present case arose regarding a claimed settlement said to have arisen as a consequence of the stipulation of dismissal in that earlier matter.

punishing incoherent or unskillful pleading."

Id. at 152-53

As authority for this proposition of law, the Court cited, Soley v. Star & Herald Co. 390 F.2d 364 (5th Cir. 1968), and Season-All Industries, Inc. v. Turkiye Sise Ve Cam Fabrikalari A.S. 425 F.2d 34 (3d Cir. 1970). The Soley case talks of summary judgment as not being appropriate merely because pleadings are "drawn unskillfully." Id. at 366. The Season- All Industries case speaks of summary judgment "[as] not [being] a punishment for the incoherence of a pleading." Id. at 39. The particular language therefore complained of is not original to the presiding justice although the same was found useful to restate and to highlight a precedential point on the law. It happens that plaintiff is not an attorney at law --- although he has repeatedly appeared before the courts on his own behalf and indeed has even attempted to appear on behalf of others --- and his working familiarity with the relevant rules relating to the drafting of pleadings were very evidently those of the layman. His pleadings, in the light of rule requirements, were inartful and the Court's primary concern in that case at the time was to ensure that plaintiff's case would not be prejudiced on the merits because of defective pleadings. Language from precedent was the language which the Court there invoked to state its position in denying defendants' motion.

The insinuation, therefore, by plaintiff that the presiding justice was, with his choice of language, particularly interested in maligning his person is thoroughly misplaced and serves no real purpose other than to distract attention from the real merits of the case.

Simply stated, this aspect of the motion has no merit as its only consequence appears to be judge shopping. That possibility will not arise. It has been said that, "[t]here is 'as much obligation upon a judge not to recuse himself when there is no occasion as there for him to do so when there is.'" Rosen v. Sugarman, 357 F.2d 794, 797 (2d. Cir. 1966), quoting In re Union Leader Corp. 292 F.2d 381, 391 (1st Cir.), cert denied, 368 U.S. 927 (1961).

25

The second ground of plaintiff's motion is an apparent quarrel with the Court's view of the evidence. We maintain that the evidence preponderated in favor of the defendants and therefore deny relief also on that aspect of the motion.

It is so Ordered.