The controversy underlying this certiorari review arose when Chris Myers Pontiac-GMC, Inc., installed a new engine in a van owned by Fred Lewter and his wife Linda Lewter and the Lewters refused to pay for it, asserting that they had not authorized Myers Pontiac to make that repair. Because the repair had not been paid for, Myers Pontiac retained possession of the van; it held the van until the Lewters filed an action against Myers Pontiac, alleging conversion, and obtained a writ of seizure. Myers Pontiac counterclaimed, alleging fraud and requesting compensation under the theories of open account, quantum meruit, and unjust enrichment. The Lewters moved for a summary judgment on the counterclaim and sought attorney fees under the Alabama Litigation Accountability Act ("ALAA") §§ 12-19-270 to -276, Ala. Code 1975.
The circuit court entered a summary judgment for the Lewters on most of the claims presented in Myers Pontiac's counterclaim and granted the Lewters' request for attorney fees pursuant to the ALAA. A jury trial *Page 605 
was held on the Lewters' remaining claims and on the remaining claims stated in the counterclaim. The jury returned a verdict awarding Myers Pontiac $1,547.85, "which[, the jury said,] is engine costs," and a verdict in favor of the Lewters stating, among other things, "punitive damages [as] legal fees." The jury was then sent back to the jury room while the judge and the attorneys had a brief discussion regarding the "punitive damages" award. The judge told the attorneys that she was "going to have to bring [the jury] back in and instruct them again," whereupon the jury was brought back to the courtroom and given the following instructions:
 "THE COURT. Okay. You have returned a verdict in the original claim that I would not be able to translate into dollars and cents. You have awarded punitive damages consisting of the amount of legal fees and that is not an acceptable verdict. We are going to have to send you back and ask you to reduce that to a dollar figure amount so that we can know what it is that you are talking about. That is not a verdict that I am going to be able to accept.
 "So I am going to ask Mr. Cox to return you to the jury room and ask you to take the verdict form and translate for us what that amount is that you are indicating on legal fees."
Myers Pontiac did not object to this instruction. After further deliberation, the jury returned to the courtroom with a verdict in favor of the Lewters stating that "punitive damages [are] thirty-eight thousand dollars." The judge then asked the attorneys for the two sides if they had anything further, and they both answered "No."
The circuit court entered a judgment on the jury verdicts. Myers Pontiac filed a motion to alter, amend, or vacate the judgment, arguing, among other things, that the jury had improperly awarded attorney fees as punitive damages. The circuit court denied the motion. Myers Pontiac appealed to the Court of Civil Appeals, complaining of the judgment entered for the Lewters on their complaint and of the ruling in their favor on the counterclaim, and also complaining of the award of attorney fees. Myers Pontiac's trial attorney, David P. Shepherd, joined the appeal, complaining of the circuit court's award of attorney fees pursuant to the ALAA. The Court of Civil Appeals affirmed the summary judgment entered for the Lewters on most of the counterclaim counts; reversed the award of attorney fees to the Lewters made pursuant to the ALAA; reversed the circuit court's denial of Myers Pontiac's post-trial motion to alter, amend, or vacate the judgment; and remanded. Chris Myers Pontiac-GMC, Inc.v. Lewter, 697 So.2d 478 (Ala.Civ.App. 1997).
We granted the Lewters' petition for certiorari review. They contend that Myers Pontiac failed to preserve any appealable issue in regard to the jury's award of attorney fees as punitive damages by failing to object at trial to the instruction to "translate for us what that amount is that you are indicating on legal fees." See Rule 51, Ala. R. Civ. P., which states that "[n]o party may assign as error . . . the giving of an . . . improper oral charge unless that party objects thereto before the jury retires . . . . stating the matter objected to and the grounds of the objection." The Court of Civil Appeals held that Myers Pontiac did not waive the alleged error, holding that the jury, not the trial court, had erred.
The Court of Civil Appeals based this holding on McCain v.Redman Homes, Inc., 387 So.2d 809 (Ala. 1980). To the extent that McCain holds that a judgment may be reversed based on an argument that the jury erred, rather than on an argument that the trial court erred, it is today overruled. It is hornbook law that an appellate court reviews the action of the trial court for error; it does not directly review the conduct or the actions of the jury. Any improper conduct of the jury must be brought to the attention of the trial court by way of an objection or a motion, and it is the ruling on that objection or motion that can be made the subject of appellate review.
This principle is embodied in Rule 51, and it was the basis for this Court's finding no reversible error in Bush v. Alabama FarmBureau Mut. Cas. Ins. Co., 576 So.2d 175, 181 (Ala. 1991):
 "The Bushes next claim that the court erred in its oral charge to the jury. They argue that the trial judge confused the *Page 606 
jury in stating Farm Bureau's burden of proof regarding misrepresentation. The record reflects that after the trial judge finished charging the jury, several possible misstatements were called to his attention. He asked counsel for charges to `clean up' the matter.
 "The trial judge then recharged the jury and asked, `Anything else?' counsel for the Bushes replied, `No, your honor.' Therefore, the oral charge is not reviewable by this Court because no objection was made. Rule 51, [Ala.] R. Civ. P."
Here, the circuit court properly instructed the jury in its original instructions as to the measure of punitive damages, should it decide to award them:
 "The purpose of awarding punitive — sometimes called exemplary — damages is to allow money recovery to the plaintiff by way of punishment to the defendant and for the added purpose of protecting the public by deterring the defendant and others from doing such wrong in the future.
 "The imposition of punitive damages is entirely discretionary with the jury. Should you award punitive damages, in fixing the amount you must take into consideration the character and degree of the wrong as shown by the evidence in the case and the necessity of preventing similar wrongs."
In spite of this correct instruction, the jury's initial verdict was to award simply "legal fees" as punitive damages. The circuit court properly instructed the jury that such an award was "not an acceptable verdict." Although the circuit court incorrectly instructed the jury to "translate for us what that amount is that you are indicating on legal fees," Myers Pontiac did not object to this instruction. This constituted a waiver of any error in that charge. BIC Corp. v. Bean, 669 So.2d 840 (Ala. 1995) cert. denied, 516 U.S. 1160, 116 S.Ct. 1045,134 L.Ed.2d 192 (1996); Bush v. Alabama Farm Bureau, supra.
Myers Pontiac's argument could be viewed as asserting that the initial verdict awarding "legal fees" as punitive damages was an indication of incurable misconduct or confusion by the jury. However, we see no reason why the jury's mistake could not have been cured by the court's instructing it that the verdict was improper and repeating for it the earlier instructions on the measure of punitive damages, or simply by reminding the jury of the correct law, such as by a brief statement indicating that punitive damages are awarded to punish and deter and that the measure of the amount of such damages is the gravity of the wrong and the need for deterrence. Instead, the circuit court gave a confusing instruction that was not entirely correct. Myers Pontiac could have, and should have, objected at that point, and upon that objection the circuit court could have cleared up the confusion with proper instructions. By failing to object, Myers Pontiac failed to preserve error in the circuit court's submission of the cause to the jury. The final verdict was unobjectionable, a simple award of $38,000 as punitive damages, and did not provide a proper basis for Myers Pontiac's motion for a new trial.
The circuit court properly denied Myers Pontiac's motion for a new trial.[1] Accordingly, we reverse the judgment of the Court of Civil Appeals to the extent that it reversed the denial of that motion. In other respects, that judgment is affirmed.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
HOOPER, C.J., and SHORES, KENNEDY, and COOK, JJ., concur.
HOUSTON, SEE, and LYONS, JJ., concur in the result.
[1] We note that, as the Court of Civil Appeals points out, Myers Pontiac's motion was actually framed as a motion to alter, amend, or vacate the judgment. See Rule 59(e), Ala. R. Civ. P. However, the asserted error Myers Pontiac argues here is one that would have supported an award of a new trial, if a new trial, if anything; thus, the motion would be treated as a motion for a new trial under Rule 59(a). The substance of a motion, not what a party has called it, determines the nature of the motion. Sextonv. Prisock, 495 So.2d 581 (Ala. 1986); Ex parte Hartford Ins.Co., 394 So.2d 933 (Ala. 1981). *Page 607