In January 2007, Mickey Allen Jacobs, an incarcerated prison inmate acting pro se, sued Paul Whaley II, the director of classification of the Alabama Department of Corrections ("DOC"), and Edna Harris, a DOC classification specialist, in the Limestone Circuit Court, alleging claims pursuant to both federal and state law and seeking both declaratory and injunctive relief and an award of damages based upon his contentions that the defendants had made false statements about him in connection with prison-reclassification proceedings. Among other things, the plaintiff alleged in his verified complaint that the defendants had defamed him, had inflicted emotional distress upon him, and had violated his constitutional rights by informing other agents of DOC and the public that the plaintiff was a "sex offender" based upon the plaintiffs purported conduct that had led to the institution in 1988 of two criminal charges of rape against him that were subsequently nolle prossed. In February 2007, the defendants filed an answer incorporating a motion to dismiss in which they alleged, among other things, that they were immune from suit, that the complaint failed to state a claim under state or federal law, and that no connection between the defendants' alleged conduct and the plaintiffs claimed damages had been established.
In March 2007, the plaintiff propounded interrogatories, requests for production, and requests for admissions to the defendants. The record reflects that the defendants made some response to the admission requests, but there is no indication that the defendants responded to the plaintiffs interrogatories and production requests. The plaintiff then filed a series of motions seeking sanctions, including the entry of a default judgment, on the basis that the defendants had not fully responded to his discovery and admission requests. On May 14, 2007, the trial court entered an order stating that all pending motions would be considered at a hearing on June 8, 2007, at 9:30 a.m. The trial court subsequently denied the plaintiffs motion seeking to personally appear at that hearing and quashed the plaintiffs notice seeking to take the defendants' depositions on the date of the hearing at the building where the hearing was to take place.
On June 8, 2007, the trial court held the hearing as scheduled. The record reflects that, on that date, an affidavit executed by Whaley on June 6, 2007, was filed in the trial court;[1]
in that affidavit, Whaley opined that the plaintiff had not suffered any injury as a result of his classification. After the hearing, the trial court entered on the case-action-summary sheet the notation "Defendants' counsel to do proposed order." In response, the plaintiff filed a motion to strike Whaley's affidavit (which motion was denied) and an objection to the trial court's direction that the defendants' attorney prepare a proposed order (which objection was not acted upon); the plaintiff also filed additional motions for sanctions against the defendants and for transportation to the trial court.
On July 30, 2007, the trial court entered a judgment that provided, in pertinent part: *Page 1145 
 "The [defendants] have moved that their initial Motion to Dismiss be converted into a [motion for a] Summary Judgment pursuant to Rule 12(c) and Rule 56 of the Alabama Rules of Civil Procedure, offering evidence in support of the same. As such, this Court considers the same and does so.
 "The above-styled complaint, having been considered by the Court along with the [d]efendants' Motion for Summary Judgment and supporting evidence, and the [plaintiff] failing to offer any substantial evidence to why judgment as a matter at law should not be entered, the Court is of the opinion that the Motion is well-taken and should be granted.
 "It is therefore ORDERED, ADJUDGED and DECREED that the Summary Judgment in favor of [the defendants] is GRANTED."
After his postjudgment motion to alter, amend, or vacate the summary judgment was denied, the plaintiff appealed. His appeal was transferred to this court by the Alabama Supreme Court pursuant to § 12-2-7(6), Ala. Code 1975. In his appellate brief, the plaintiff renews the contention that he made in his postjudgment motion: that the trial court erred in converting the defendants' motion to dismiss to a summary-judgment motion. Among other cases, the plaintiff cites Singleton v. AlabamaDepartment of Corrections, 819 So.2d 596 (Ala. 2001), as compelling reversal.
We agree that Singleton is on point. InSingleton, a prison inmate, acting pro se, brought a civil action against DOC and the warden of the prison in which the inmate was incarcerated, seeking emergency medical treatment for an alleged hernia condition. 819 So.2d at 597. DOC and the Warden filed an answer and a motion to dismiss; in addition, they filed an affidavit in which the warden gave testimony tending to rebut the pertinent allegations of the inmate's complaint. Id. at 597-98. The trial court thereafter entered a judgment dismissing the action upon the grounds stated in the motion to dismiss, but the trial court did not exclude the affidavit from its consideration and did not notify the inmate of the court's intent to treat the motion as a summary-judgment motion. Id. at 598.
The Alabama Supreme Court reversed the trial court's judgment. That court first quoted Rule 12(b), Ala. R. Civ. P., for the proposition that if matters outside the pleading to which a motion to dismiss for failure to state a claim has been directed are presented to, but are not excluded by, the trial court, the motion shall be treated as a summary-judgment motion "`and all parties shall be givenreasonable opportunity to present all material made pertinentto such a motion by Rule 56.'" Singleton,819 So.2d at 598. According to the Supreme Court, the trial court in Singleton, by not excluding the warden's affidavit, was required to treat the motion to dismiss as a motion for a summary judgment; thus, the inmate was "entitled to notice that the motion had been converted to a motion for a summary judgment, to the opportunity to be heard, and to such other procedural relief as contemplated by Rule 56, Ala. R. Civ. P."819 So.2d at 600.[2]
In reversing the judgment under review in Singleton, the Alabama Supreme Court drew considerable support fromHales v. First National Bank of Mobile, 380 So.2d 797
(Ala. 1980), from which it quoted extensively: *Page 1146 
 `"[I]f a motion under Rule 12(b)(6) is converted into a motion for summary judgment, both parties shall be given a reasonable opportunity to submit affidavits and other extraneous proofs to avoid a party being taken by surprise through conversion of the motion to dismiss to one for summary judgment. It is also clear that the spirit of Rule 56 requires the same notice and hearing where the court contemplates summary judgment on its own initiative as it does when a party moves for summary judgment; i.e., ten days['] notice. The entry of summary judgment by a trial court, sua sponte, without giving to the party against whom such judgment is entered adequate and reasonable notice, as well as an opportunity to present evidence in opposition, is prejudicial error requiring reversal.
 "`We agree with the following statement made by the United States Court of Appeals for the Fifth Circuit in its per curiam opinion in Davis v. Howard, [561 F.2d 565, 571-72 (5th Cir. 1977)]: "`"We do not hold that a notice to convert a 12(b)(6) motion into a summary judgment must be by written order, but the record must adequately demonstrate that all counsel were aware of the intentions of the [trial] judge to treat the motion as converted, together with a reasonable opportunity afforded to the nonmoving party to present, by way of affidavit or otherwise, anything necessary to rebut the contention of the moving party. . . .
 "`". . . [W]here matters outside the pleadings are considered in disposition of a Rule 12(b)(6) motion, so as to automatically convert it to one for summary judgment pursuant to Rule 56, or as one made sua sponte, the Rule 56 strictures of notice, hearing and admissibility into evidence are strictly required. As Judge Goldberg aptly observed of the notice requirement in Soley v. Star Herald Co., 390 F.2d 364, 369-70 (5[th] Cir. 1968): `They [the litigants] cannot read over the judge's shoulder, or penetrate his memory. Nor can we. From Shakespeare's Hamlet to Albee's Tiny Alice, soliloquies and asides have been shared with the audience.' Where there is a motion to dismiss for failure to state a claim upon which relief may be granted, there can never be a wide overview by the trial court, beyond the pleadings to include matters outside, without affording all litigants the opportunity to offer their perspectives on the additional matter by way of admissible evidence.
 "`"The bridling devices at issue here sustain and insure the most elementary operation of our civil law. The concepts of notice, admissibility, and opportunity to be heard are ancient primaries. Independent from these notions in advocacy, there is the trial court's duty to insure that its basis for judgment is without error. This duty of the trial court distinguishes the margin of allowances we have held in the instance of an original Rule 56 motion from summary disposition following a Rule 12(b)(6) motion. . . . However correct the conclusion below may be in the end, we cannot allow the shaving of principles for expediency when these precepts assure order and justice."`"
819 So.2d at 599-600 (emphasis added and citations omitted; quoting Hales, 380 So.2d at 799-800).
In this case, the trial court scheduled a hearing on all pending motions, which would have included both the plaintiffs numerous discovery-related motions and the defendants' motion to dismiss, for June 8, 2007. At the time the trial court scheduled *Page 1147 
that hearing, the defendants had not offered any evidentiary material in support of their motion to dismiss that might have suggested that a conversion of the defendants' motion to dismiss would be imminent. The trial court thereafter denied the plaintiffs motion to appear in person at the motion hearing. The defendants filed Whaley's affidavit on the day of the motion hearing, and although the trial court's subsequent judgment indicates that the defendants had "moved that their initial Motion to Dismiss be converted into" a motion for a summary judgment, the record reflects no written motion to that effect. It thus appears that the filing of Whaley's affidavit occurred at approximately the same time that the defendants made some sort of oral request to the trial court for conversion of their motion. At no time, however, did the trial court communicate to the plaintiff its intention to treat the defendants' motion to dismiss as one for a summary judgment, nor were the procedural requirements set forth in Rule 56(c), Ala. R. Civ. P., observed, such as the filing of a narrative summary or the holding of a hearing on the summary-judgmentmotion no less than 10 days after the conversion of that motion.
Thus, although we express no opinion regarding the ultimate merits of the plaintiffs claims, we must agree with the plaintiff that the trial court erred in entering a summary judgment in contravention of Rules 12(b) and 56(c) and the principles set forth by our Supreme Court. That judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
All the judges concur.
[1] The plaintiff apparently received that affidavit on June 14, 2007, six days after the hearing.
[2] The Supreme Court in Singleton drew special attention to the requirements of Rule 56(c)(1), Ala. R. Civ. P., that a summary-judgment movant supply a narrative summary of contended undisputed facts. 819 So.2d at 600.