JOINER, Judge,
concurring in part and dissenting in part.
I concur in all parts of the main opinion except Part II, which affirms the denial of Davis’s claim that the trial judge engaged in improper ex parte communication with the jury; as. to Part II, I respectfully dissent. •
In Yeomans v. State, [Ms. CR-10-0095, March 29, 2013] — So.3d - (Ala.Crim.App.2013), this Court addressed a juror-misconduct claim that had been denied in a manner similar to the denial of Davis’s improper-communication claim. In Yeo-mans, the petition alleged, among other things, that a particular juror — L.J.—had failed to disclose, when asked if she or anyone in her family had been a victim of a crime, that her sister had been a victim of a violent burglary and attempted rape. In its motion to dismiss,- the State submitted an affidavit from Juror LJ. in which she “stated that her sister had been the victim of a burglary and an attempted rape but that L.J. did not learn of those facts until ... almost five years after Yeomans’s trial.” — So.3d at -. The circuit court relied on Juror L.J.’s affidavit to deny Yeomans’s claim.
This Court in Yeomans noted first that Yeomans’s juror-misconduct claim was sufficiently pleaded. We then held that although Rule 32.9(a), Ala. R.Crim. P., allows the circuit court to take evidence by affidavits instead of holding an evidentiary hearing, because the circuit court had not given Yeomans notice that it intended to receive evidence by affidavit, the matter had to “be remanded for the circuit court to comply with Rule 32.9(a), Ala. R.Crim. P., and either hold an evidentiary hearing on the juror-misconduct claim or, after giving, notice to the parties of its intention to.do so, take evidence by one of the *460 alternative means listed in Rule 32.9(a).” — So.3d at-. Implicit in the Court’s reasoning in Yeomans is the principle that to the extent a circuit court, in denying a petition, relies on facts or evidence not included in the facts as alleged in the petition or in the petitioner’s trial-record or the record on direct appeal, the circuit court’s action in that regard is an “implicit! ] f[inding] that the issues presented [are] ‘material issue[s] of law or fact .,. which would entitle [the petitioner] to relief.’” Ex parte McCall, 30 So.3d 400, 404 (Ala.2008) (quoting Rule 32.7(d), Ala. R.Crim. P.).
In the present case, the circuit court, like the court in Yeomans, relied on an affidavit to deny the claim at issue. Thus, in denying the claim, the circuit court went beyond the facts as alleged in the petition or included in the record of Davis’s direct appeal. In my view, this action in fact “[rose] to the level of an evidentiary hearing,” and therefore I disagree with the main opinion’s conclusion that “McCall is inapposite.”[13] — So.3d at -.
In sum, under my reading of Yeomans and Ex parte McCall, the circuit court’s reliance on Judge Austin’s affidavit to deny Davis’s improper-communication claim means that we no longer have the option to “look back” and hold that the claim is insufficiently pleaded.
“Although this conclusion [i.e., that a claim was not sufficiently pleaded] may have been an appropriate basis for a summary dismissal of the petition before a hearing was held [or, as in Davis’s case, before the circuit court received evidence by affidavit in lieu of a hearing,] once a hearing has been held [or once the circuit court has received evidence by affidavit in lieu of a hearing] Rule 32.9(d) requires findings of fact in support of the judgment.”
Ex parte McCall, 30 So.3d at 404 (emphasis added). Accordingly, I would remand the case for the circuit court to conduct further proceedings consistent with Yeo-mans and Ex parte McCall on the claim addressed in Part II of the main opinion.

. I agree with Justice Maddox's point that the notice-pleading requirements applicable under the Alabama Rules of Civil Procedure do not apply to a postconviction petition filed under Rule 32, Ala. R.Crim. P.
Justice Maddox also states "that a Rule 32.7 motion [to dismiss] is similar to a motion filed pursuant to the provisions of Rule 12(b)(6) or Rule 56 of the Alabama Rules of Civil Procedure.” 184 So.3d at 455 (Maddox, S.J., concurring specially). Under that analogy, the State’s motion to dismiss in this case would be similar to a motion to dismiss filed under Rule 12(b)(6), Ala. R. Civ. P., and the circuit court’s reliance on the affidavit attached to that motion would be similar to the scenario present when a trial court considering a Rule 12(b)(6), Ala. R. Civ. P., motion to dismiss relies on matters outside the pleadings. When a trial court considering a Rule 12(b)(6), Ala. R. Civ, P,, motion to dismiss relies on matters outside the pleadings, the motion is converted into a motion for a summary judgment under Rule 56, Ala. R. Civ. P., and the trial court may not enter a summary judgment against the nonmovant without giving the nonmovant " ‘notice that the motion ha[s] been converted to a motion for a summary judgment, ... the opportunity to be heard, and ... such other procedural relief as contemplated by Rule 56, Ala. R. Civ. P.’" Jacobs v. Whaley, 987 So.2d 1143, 1145 (Ala.Civ.App.2007) (quoting Singleton v. Alabama Dep’t of Corr., 819 So.2d 596, 600 (Ala.2001)).
Although I do not think that Davis was necessarily entitled to all the procedural protections afforded a nonmovant under Rule 56, Ala. R. Civ. P., I do think that under our caselaw interpreting Rule 32, Ala. R.Crim. P., he was entitled, at the very minimum, to notice that the circuit court intended to deny his claim based solely on new evidence the State had submitted along with its motion to dismiss.