THOMAS, Judge,
concurring in the result.
Although I agree that the judgment in this case should be reversed, I believe that we must consider that judgment to be a summary judgment in favor of Siran Stacy (“the father”). The father presented, and, from all that appears in the record, the trial court considered, matters outside the pleadings in ruling on what the majority characterizes as a motion to dismiss the complaint filed by Sharon Chancellor (“the mother”). The inclusion and consideration of matters outside the pleadings converts a motion to dismiss into a motion for a summary judgment regardless of how the parties or the trial court characterize the motion. See Rule 12(b), Ala. R. Civ. P.; Lloyd Noland Found., Inc. v. HealthSouth Corp., 979 So.2d 784 (Ala.2007). In Lloyd Noland Foundation, our supreme court recognized a judgment entered on a motion to dismiss on the ground of res judica-ta as a summary judgment:
“HealthSouth filed a ‘motion to dismiss,’ and, in a supplemental brief in support of its motion to dismiss, it addressed the doctrines [of] res judicata and collateral estoppel. Additionally, HealthSouth attached filings from the federal court proceeding. Although HealthSouth’s *511 motion addressing its defenses of res ju-dicata and collateral estoppel was actually framed as a ‘motion to dismiss,’ the motion should have been treated as one seeking a summary judgment because the face of the complaint did not reference the prior litigation and Health-South properly pleaded res judicata and collateral estoppel in its answer. The substance of a motion, not what a party calls it, determines the nature of the motion. Ex parte Lewter, 726 So.2d 603 (Ala.1998). Furthermore, the trial court clearly considered matters outside the pleadings in making its determination, thus converting the Rule 12(b)(6) motion to dismiss into a Rule 56, Ala. R. Civ. P., summary-judgment motion.”
Lloyd Noland Found., 979 So.2d at 792 (emphasis added); see also Singleton v. Alabama Dep’t of Corr., 819 So.2d 596, 598 (Ala.2001) (recognizing an order as one granting a motion for a summary judgment despite the trial court’s characterization of the order as one granting a motion to dismiss); Hendrix v. Hunt, 607 So.2d 1254, 1256 (Ala.1992) (concluding that, when the parties treated the trial court’s order as a dismissal under Rule 12(b)(6) but the record revealed that the trial court had considered undisputed evidence outside the pleadings, the trial court’s order was a summary judgment).
I do not believe that the parties’ failure to recognize on appeal the conversion of the motion to dismiss prevents us from recognizing the judgment as a summary judgment. Because the motion to dismiss was automatically converted into a motion for a summary judgment, the mother “was entitled to notice that the motion had been converted to a motion for a summary judgment, to the opportunity to be heard, and to such other procedural relief as contemplated by Rule 56, Ala. R. Civ. P.,” Singleton, 819 So.2d at 600, none of which was afforded to her. Accordingly, I agree that the judgment in favor of the father is due to be reversed, see id., and I concur in the result.