KENNEDY, Justice.
General Motors Acceptance Corporation (“GMAC”) filed an action in the DeKalb Circuit Court against Stephen E. Watson and Kimberly H. Watson, alleging that the Watsons had defaulted on an automobile installment sales contract. Concurrently, GMAC filed an application for a writ of seizure of the vehicle, alleging that, under the terms of the installment contract, it had a security interest in the vehicle purchased by the Watsons. The Watsons consented to GMAC’s application for a writ of seizure, and the trial court granted the writ of seizure.
Subsequently, the Watsons filed a petition for relief in the United States Bankruptcy Court for the Northern District of Alabama, Eastern Division, under Chapter 13 of Title 11, U.S.Code. The Watsons then filed in the DeKalb Circuit Court a “suggestion of debtor’s court,” in which they requested that that court suspend action in this matter pending final disposition of the petition in the bankruptcy court. The Watsons also filed a suggestion of *917 bankruptcy under Chapter 13, and asked the DeKalb Circuit Court to take appropriate action.
On March 26, 1990, the trial court, having been advised of the Watsons’ Chapter 13 bankruptcy petition and concluding that it operated as a stay of the proceedings in state court, issued the following order:
“[T]he Clerk of the circuit court shall remove this case from the docket of active or pending cases, subject to the right of either party to petition to reinstate this action or to pursue any claim embraced herein not adjudicated in, or discharged by the proceedings in the Bankruptcy Court. Such reinstatement, if and when allowed, will cause the filing date of any claim so reinstated to relate back to the original filing date of this action.”
(Emphasis added.)
On June 7, 1990, the Watsons filed a counterclaim against GMAC, and they filed third-party claims against Pollock Motor Car Company, Inc., Ford Motor Company, Ray Coffee, and John Day. Subsequently, the Watsons filed a motion to return the case to the active docket so that the counterclaim and third-party complaint could be heard.
In response to the Watsons’ claims, Pollock Motor Car Company and Ray Coffee filed a motion to strike the summons and to quash the service of process against them. GMAC and Ford Motor Company filed motions to dismiss the counterclaim and the third-party complaint, respectively.
On October 10, 1990, the trial court, having read the parties’ briefs and having heard oral argument on the matter, issued the following order:
“[T]he motion to dismiss the complaint and counterclaim ... filed by GMAC and the adoption of the same motions orally at the hearing by Pollock Motor Car Company and Ray Coffee and the motion to strike by Ray Coffee and Pollock Motor Company and the motion to dismiss by Ford Motor Company are hereby GRANTED. The ... order of this Court [issued on March 26,1990,] removing this case from the active trial docket and thereby dismissing it without prejudice remains in force.”
On October 15, 1990, the Watsons filed a petition in the bankruptcy court to convert their petition for relief under Chapter 13 into a petition for relief under Chapter 7 of Title 11, U.S.Code.
On November 2, 1990, the trial court, having determined that the bankruptcy petition filed by the Watsons operated as a stay of the proceedings in state court, issued the following order ex mero motu:
“[T]he clerk of the circuit court shall remove this case from the docket of active or pending cases, subject to the right of either party to petition to reinstate this action or to pursue any claim embraced herein not adjudicated in, or discharged by the proceedings in the bankruptcy court. Such reinstatement, if and when allowed, will cause the filing date of any claim so reinstated to relate back to the original filing date of this action.”
(Emphasis added.)
On November 20, 1990, the Watsons filed a notice of appeal from the trial court’s order of October 10, 1990. In their brief, they argue that the trial court erroneously dismissed their claims.
In addition to filing briefs, in which they argue that the trial court did not err in dismissing the Watsons’ claims, GMAC and Pollock Motor Car Company filed a joint motion with this Court on January 10,1991, to dismiss the Watsons’ appeal. They argue that it is the bankruptcy trustee who has the capacity to sue and be sued on behalf of the bankruptcy estate and that the Watsons have no standing to appeal in this matter.
In their response to the motion to dismiss the appeal, the Watsons argue that when the debtor is a plaintiff in an action, or, as here, a counterclaimant or third-party plaintiff, nonjoinder of the bankruptcy trustee is not jurisdictionally fatal.
On March 1, 1991, this Court, stating that the order dismissing the Watsons’ counterclaim and third-party claims was not a final order, remanded this cause to *918 the trial court. On March 11, 1991, the trial court filed a copy of an order with this Court in which it stated that, pursuant to Rule 54(b), A.R.CÍV.P., that court’s order of October 10, 1991, was a final order as to the parties mentioned therein.
On April 1, 1991, the Watsons filed a motion with this Court to substitute their trustee in bankruptcy, Rocco J. Leo, as the party on appeal in this matter. They note that the motion was filed within 42 days of the entry of the Rule 54(b) final order.
This Court must determine 1) whether the trial court erroneously dismissed the Watsons’ claims, 2) whether to grant the motion to dismiss the Watsons’ appeal, and 3) whether to grant the Watsons’ motion to substitute their trustee in bankruptcy as the party on appeal in this matter. We will address the issues in reverse numerical order.
The Watsons’ motion asks that this Court substitute the trustee in bankruptcy as the party on appeal in this matter. The motion contains a statement that the trustee is aware of the appeal and has agreed to be substituted as the appellant in this action and that the motion for substitution is being made to remove any doubt as to the identity of the proper party on appeal in this matter. This statement satisfies the requirement of Rule 27, A.R.App.P., that a motion to an appellate court state with particularity the grounds on which it is based. Rule 27 further requires that an appellate motion set forth the relief sought in the motion. The Watsons’ motion complies with this requirement. Having concluded that the grounds in the motion for substitution are reasonable and that the relief sought is expedient, we grant the Watsons’ motion to substitute their trustee in bankruptcy as the party on appeal.
Having substituted the trustee in bankruptcy as the party on appeal in this matter, we hold that the argument of GMAC and Pollock Motor Car Company that the Watsons have no standing to appeal in this matter is moot.
Next, we must determine whether the trial court erred in dismissing the Wat-sons’ claims. Initially, we note that the trial court’s final order, issued on October 10, 1990, is inconsistent. The trial court begins by stating that the motions to dismiss and the motions to strike the Wat-sons’ claims are granted. Then the trial court states in the final order that its order of March 26, 1990, remains in force.[1] That order merely removes this matter from the active docket. The March 26, 1990, order confers on the parties the right to petition the trial court to reinstate the matter to the active docket. Such reinstatement, the order states, would cause the filing date of any reinstated claim to relate back to the original filing date of this action. We further note that, on November 2, 1990, the trial court issued an order identical to the March 26, 1990, order.
The trial court did not give any reasons for granting the final order. We hold that the only reasonable interpretation of the final order is that the trial court recognized that, pursuant to the March 26, 1990, order, the matter was removed from the active docket with leave to reinstate when appropriate. It is clear that the March 26, 1990, order did not dismiss the matter. The final order states that the March 26, 1990, order remains in force. It is also clear that on November 2, 1990, a date following the issuance of the final order, the trial court issued an order identical to the March 26, 1990, order.
Based on the foregoing, we hold that the trial court did not dismiss the matter but removed it from the active docket with leave to reinstate at an appropriate time. Having so held, we further hold that the remaining arguments of the parties are without merit. We affirm the trial court’s order based on our interpretation that the matter is removed from the active docket. *919 This matter is remanded to that court for proceedings consistent with this opinion.
MOTION TO SUBSTITUTE TRUSTEE IN BANKRUPTCY GRANTED; AFFIRMED AND REMANDED.
HORNSBY, C.J., and MADDOX, HOUSTON and INGRAM, JJ., concur.

. The trial court gave no reason for stating that the March 26, 1990, order remains in force. The trial court may have so ordered because, after they filed their counterclaim and third party claims on June 7, 1990, the Watsons filed a motion to return the matter to the active docket and the trial court never ruled on that motion.