These appeals are from a summary judgment in favor of Clyde H. Gilliam, Jr., in an interpleader action. The trial court denied a motion to stay and ordered that the monies that had been paid into the court be paid to Gilliam. International Fidelity Insurance Company and Pinnacle Insurance Company (hereinafter together referred to as "International") appeal.
In 1984, Gilliam got a judgment based on a jury verdict against R.B. Ethridge; that judgment awarded Gilliam over $60,000 in damages. In 1992, Gilliam secured a writ of garnishment issued to Met-Pro Corporation ("Met-Pro"), a closely held corporation of which Ethridge was president and vice-president and Ethridge's wife was secretary. The trial court held that Met-Pro was the alter ego of Ethridge and entered a verdict in favor of Gilliam and against Met-Pro for $71,372.
The present lawsuit began when, in order to execute upon the judgment against Met-Pro, Gilliam secured a writ of garnishment issued to the University of Alabama at Birmingham ("UAB"). UAB answered, listing the "balance in contract" that UAB owed Met-Pro on a number of construction projects. UAB also wrote a letter stating that UAB "is or will become indebted to Met-Pro in an amount exceeding the $71,372 listed on the process of garnishment." However, UAB later refused to honor the writ of garnishment. Gilliam then filed a motion with the trial court requesting that certain UAB officials show cause why a judgment should not be imposed against UAB. UAB paid the money into the court and filed an interpleader action. The interpleader action and the garnishment proceeding were consolidated and set for a hearing.
International intervened, contending that it, as surety for Met-Pro, was entitled to the *Page 26 
interpleaded funds, because, it alleged, its claims were superior to Gilliam's. International had issued performance bonds and labor and material bonds on behalf of Met-Pro. Met-Pro, a general contractor, performed construction work at UAB on various projects. International contended that it had been informed that Met-Pro was going to be "voluntarily defaulting on [certain] projects due to financial problems."
Gilliam moved to dismiss the interpleader action, contending that when he secured the writ of garnishment the projects at issue at UAB were not in default and that Met-Pro had materially complied with its obligations by substantially completing each project. He contended that International had made no payments under the payment bonds and had performed no work under the performance bonds with respect to the specifically mentioned projects.
The trial court heard the arguments of the parties and entered a comprehensive order that, in part, provided as follows:
 "(a) According to the materials submitted by International Fidelity in opposition to the Motion to Dismiss, an Agreement of Indemnity was entered into between International Fidelity Insurance Company and Met-Pro on June 11, 1991. Prior to this time, the judgment against Robert Ethridge in favor of Clyde H. Gilliam, Jr., was in existence in the amount of $63,725.00 recorded . . . in the Jefferson County Probate Court on March 28, 1986. Therefore, International knew or should have known (by constructive or actual knowledge) that Robert B. Ethridge, individually, and as President of Met-Pro Corporation was a credit risk due to the recorded judgment existing against Ethridge at the time of the execution of the Indemnity Agreement. Furthermore, International and Pinnacle possessed this knowledge prior to obligating themselves as sureties on the various construction projects at UAB which generated the interpleaded funds. In addition, after July 16, 1993, International and Pinnacle had constructive or actual knowledge of the recorded judgment in the amount of $71,372.00 in favor of Clyde H. Gilliam, Jr., and against Met-Pro Corporation. Due to these facts and circumstances, as a matter of law, Clyde Gilliam, Jr., the judgment creditor, has a superior claim over International and Pinnacle to the interpleaded funds in this action."
On appeal, International contends that the summary judgment in favor of Gilliam was procedurally flawed and is due to be reversed. It contends that the trial court gave no notice that it intended to treat Gilliam's motion to dismiss as a motion for a summary judgment. Further, it contends that Gilliam did not provide a narrative summary of what he contended to be the undisputed material facts, supported by reference to specific pleadings or discovery materials or affidavits, as required by Rule 56, Ala.R.Civ.P.
It is well settled that if matters outside the pleadings are presented and not excluded by the court, a motion to dismiss is to be treated as a motion for a summary judgment and disposed of pursuant to Rule 56. Hightower Co. v. United StatesFidelity Guar. Co., 527 So.2d 698 (Ala. 1988). Gilliam's motion entitled "motion to dismiss" was accompanied by several exhibits. Furthermore, in response to Gilliam's motion, International introduced into the record matters outside the pleadings. See Graveman v. Wind Drift Owners Association,607 So.2d 199 (Ala. 1992). International even captioned its response "Opposition to Motion to Dismiss/Motion for Summary Judgment."
Furthermore, we note that International attended a hearing on Gilliam's motion and presented oral arguments. The trial court advised it that the court was inclined to rule in favor of Gilliam, but it gave International the opportunity to supplement its opposition. International then supplemented its opposition by filing an additional 40 pages of materials. Therefore, we must conclude that International was on notice that the motion was, in effect, a motion for a summary judgment and that it was given a reasonable opportunity to present all materials made pertinent to such a motion.
We find no merit in International's argument that Gilliam failed to comply with the Rule 56 requirement of a narrative summary. The narrative summary required by *Page 27 
Rule 56 "may be set forth in the motion or may be attached as an exhibit." Rule 56(c)(1). Although Gilliam's motion was captioned as a "motion to dismiss," we have held that the motion was converted into a motion for a summary judgment. The motion included exhibits sufficient to meet the narrative summary requirement of Rule 56.
We have reviewed the record, and we conclude that the trial court properly entered the summary judgment in favor of Gilliam.
We also find no abuse of discretion in the trial court's denial of International's motion to stay the payment of the funds to Gilliam.
AFFIRMED.
MADDOX, SHORES, STEAGALL and COOK, JJ., concur.