Joseph A. Verneuille, as trustee in bankruptcy for Charles F. Byrd III, appeals from the denial of a motion filed by Byrd to alter, amend, or vacate a summary judgment against Byrd and in favor of Buchanan *Page 823 
Lumber of Mobile, Inc. ("Buchanan"). We affirm.
The undisputed facts reveal the following. On April 27, 2003, Byrd filed a petition for relief in the United States Bankruptcy Court for the Southern District of Alabama, under Chapter 13 of the United States Bankruptcy Code. On June 4, 2003, Judge Margaret A. Mahoney confirmed the Chapter 13 reorganization plan ("the Plan") Byrd submitted with his bankruptcy petition. On July 17, 2003, Byrd sued Buchanan in the Mobile Circuit Court, alleging that on or about October 2, 2001, Buchanan negligently or wantonly loaded lumber on a tractor-trailer truck to be operated by Byrd, which negligence or wantonness allegedly caused the truck to overturn, injuring Byrd.
On April 7, 2004, Buchanan moved for a summary judgment in the Mobile Circuit Court, contending that "Byrd [had] failed to disclose his potential lawsuit as an asset of the Bankruptcy Estate, and ha[d] continued to fail to list the lawsuit . . . despite being under an affirmative duty to amend his Plan to include after-acquired assets." Therefore, Buchanan argued, Byrd was "judicially estopped" from prosecuting the action against it. Byrd did not respond to the summary-judgment motion.
However, on April 14, 2004, Byrd sought to amend his bankruptcy petition to include in his bankruptcy estate his claims against Buchanan. Buchanan appeared in the bankruptcy proceeding and objected to the amendment on the ground of judicial estoppel, the same ground asserted in its summary-judgment motion. On July 9, 2004, Judge Mahoney conducted a hearing on the proposed amendment. On July 16, 2004, the circuit court placed the case on its administrative docket pending a determination by the bankruptcy court of whether Byrd would be permitted to amend his bankruptcy petition.
On July 19, 2004, Judge Mahoney entered an order denying Byrd's motion to amend his bankruptcy petition, on the ground that the amendment was barred by the doctrine of judicial estoppel. On August 11, 2004, however, she ordered that the case be convertedfrom a Chapter 13 reorganization to a Chapter 7 bankruptcyproceeding upon Byrd's filing of "new schedules of assets and liabilities," and she appointed Verneuille as the Chapter 7 trustee. Judge Mahoney concluded that Verneuille could then prosecute Byrd's action against Buchanan unencumbered by the "nondisclosure problem." Two days later, on August 13, 2004, the circuit court entered a summary judgment in favor of Buchanan.
On August 18, 2004, Byrd filed a motion to alter, amend, or vacate the summary judgment. The motion stated, in pertinent part:
 "The Bankruptcy Court's Order of July 19, 2004, denying Byrd's Motion of [April 14, 2004], to Amend, and her Order of August 11, 2004, converting Byrd's case to a Chapter 7 are res judicata as to the issue of judicial estoppel upon which Buchanan's Motion for Summary Judgment is based, and the Chapter 7 Trustee should be permitted to move forward with the claim against Buchanan, should he elect to do so. . . .
 "WHEREFORE, the foregoing premises considered, Byrd respectfully moves the court to amend its Order of August 13, 2004, to deny Buchanan's Motion for Summary Judgment, and allow the Chapter 7 Trustee sufficient opportunity to review the claim asserted herein and determine whether to prosecute the cause of action, and for such other and further relief as may be just and proper." *Page 824 
(Emphasis added.) The trial court denied Byrd's motion on October 7, 2004, and Byrd appealed. On January 6, 2005, Byrd moved this Court, pursuant to Rule 43, Ala. R.App. P., to substitute Verneuille as the named appellant. This Court granted that motion.
 I. Standard of Review
Ordinarily, this Court reviews a summary judgment de novo.Baldwin v. Branch, 888 So.2d 482, 484 (Ala. 2004); Chandiwalav. Pate Constr. Co., 889 So.2d 540, 542 (Ala. 2004). For the following reasons, however, that standard of review is not appropriate in this case. First, this case does not involve the issue whether the record shows the absence of a "genuine issue as to any material fact and that the [movant] is entitled to a judgment as a matter of law." Rule 56(c)(3), Ala. R. Civ. P. Indeed, Byrd filed no response to Buchanan's summary-judgment motion before the judgment was entered, and the only relief Byrd sought in his postjudgment motion was an amendment of the judgment to "allow the Chapter 7 Trustee sufficient opportunity to review the claim . . . and determine whether to prosecute the cause of action." The only issue, therefore, is whether thetiming of the summary judgment preempted Verneuille's "opportunity to be substituted as the party plaintiff." Verneuille's reply brief, at 12.
"The trial court is afforded a wide range of discretion in applying the time requirements of Rule 56." Hale v. UnionFoundry Co., 673 So.2d 762, 764 (Ala.Civ.App. 1995) (Crawley, J., dissenting) (emphasis added). See also Husby v. SouthAlabama Nursing Home, Inc., 712 So.2d 750, 754 (Ala. 1998);Middaugh v. City of Montgomery, 621 So.2d 275 (Ala. 1993);Pate v. Rollison Logging Equip., Inc., 628 So.2d 337, 341 (Ala. 1993); Kelly v. Harrison, 547 So.2d 443, 445 (Ala. 1989). "The judgment sought shall be rendered forthwith if [the pleadings and supporting materials] show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ala. R. Civ. P. 56(c)(3) (emphasis added). Where the only issue on appeal is whether the trial court acted preemptively in entering a summary judgment, we will review the trial court's denial of the motion to alter, amend, or vacate the judgment to determine whether the trial court exceeded its discretion in denying the motion.
 II. Discussion
Verneuille concedes that Byrd cannot prosecute this appeal or the underlying action against Buchanan. Verneuille's reply brief, at 6. In other words, he does not contend that the summary judgment was erroneous as to Byrd's claims. He contends only that the circuit court erred in "denying Byrd's Motion to Alter, Amend or Vacate its order granting summary judgment, in order that Verneuille might be given an opportunity to be substituted as the party plaintiff." Verneuille's reply brief, at 12.
That argument, however, overstates the substance of Byrd's motion. The motion requested only that Verneuille be allowed a "sufficient opportunity" to "determine whether to prosecute" the claim in the event he should "elect to do so." (Emphasis added.) Verneuille had filed nothing in the case when the trial court denied Byrd's motion on October 7, 2004. Thus, both when the postjudgment motion was filed and when it was denied, the record was by no means clear as to when — if ever — Verneuillewould appear in the case. We will not place a trial court "`in error on matters which the record reveals it neither ruled uponnor was presented the opportunity to rule upon.'" J.K. v. LeeCounty Dep't of Human Res., *Page 825 668 So.2d 813, 817 (Ala.Civ.App. 1995) (quoting Wilson v. StateDep't of Human Res., 527 So.2d 1322, 1324 (Ala.Civ.App. 1988)) (emphasis added).
Implicit in Verneuille's argument is that the trial court was required to hold the case in abeyance indefinitely, without a motion by Verneuille. He cites no authority for such a proposition. It is significant that the trial court did not rule on Byrd's postjudgment motion until 57 days after Verneuille was appointed as trustee. Under these facts, we cannot hold that the trial court exceeded its discretion in denying Byrd's postjudgment motion.
The result reached here is not inconsistent with Watson v.General Motors Acceptance Corp., 585 So.2d 916 (Ala. 1991), on which Verneuille relies. In Watson, unlike in this case, "it [was] clear" that the trial court had not dismissed the claims of Stephen Watson and Kimberly Watson, the debtors in Chapter 7 bankruptcy, but had merely "removed [the case] from the active docket with leave to reinstate at an appropriate time."585 So.2d at 918. This Court found no merit in the Watsons' appeal, which purported to challenge the dismissal of their claims. Thus,Watson offers no counsel on the propriety of granting a summary-judgment motion, or denying a postjudgment motion, against the backdrop of a bankruptcy trustee's nonappearance in a trial-court proceeding.
 III. Summary
In short, the trial court did not exceed its discretion in denying Byrd's postjudgment motion. The summary judgment is, therefore, affirmed.
AFFIRMED.
NABERS, C.J., and LYONS, SMITH, and PARKER, JJ., concur.