DONALDSON, Judge.
Harp Law, LLC (“Harp”), appeals from a summary judgment entered by the Jefferson Circuit Court (“the trial court”) in favor of LexisNexis[1] on its claims against Harp seeking damages for nonpayment for *1221 sendees rendered pursuant to a contract. We affirm the summary judgment in favor of LexisNexis as to Harp’s liability; however, because of a mathematical miscalculation between the amount the trial court awarded as damages and the total amount owed by Harp as shown in the -invoices submitted in support of LexisNexis’s motion for a summary judgment, we reverse that aspect of the judgment awarding damages and remand the case with instructions for the trial court to award damages in an amount that is properly supported by the evidence.

Facts and Procedural History

On September 14,2011, Harp and Lexis-Nexis entered into a contract (“the subscription agreement”). LexisNexis agreed to- provide services in return for payments by Harp over a term lasting from the date of execution of the subscription agreement until February 28, 2016. Under the subscription agreement, Harp was obligated to make monthly installment payments of $60 until February 28, 2013, after which the monthly installment payments increased to $593, $624, and $656, respectively for each successive year. Invoices in the record show that Harp stopped paying the required installment payments and had an unpaid account balance beginning on March' 31, 2013. Aside from a partial payment made by Harp in May 2013, the account balance remained unpaid and continued to increase each month.
On May 8, 2014, LexisNexis filed a complaint against Harp, alleging claims of breach of contract, open account, and account stated. Harp filed an answer denying the allegations. LexisNexis filed a motion for a summary judgment that stated:
“[LexisNexis] moves - this Honorable Court for entry of Summary Judgment in [LexisNexis’s] favor and ■ against [Harp] in the sum of $23,160.57, which is comprised of $22,409.10 in principal and $751.47 in interest, which is calculated at 6% per annum from February 26, 2014, plus court costs.
“[LexisNexis] -states that there is no genuine issue as to any material fact and that [LexisNexis] is entitled to a Judgment as a matter of law.
“This Motion is supported by the Affidavit of Robert J. Berry as the Manager Customer Accounting of LexisNexis, and other supporting documentation, including a Subscription Agreement and Invoices.

“Narrative Summary of Facts

“[LexisNexis] provided professional services to [Harp] on credit/open account and [Harp] has failed to pay for the services provided. [Harp] owes the principal amount of $23,160.57, plus interest and court costs.
“WHEREFORE, [LexisNexis] prays that this Honorable Court grant its.Motion and enter Judgment in its favor and against [Harp]_”
The subscription agreement contained the following provision regarding invoices and due dates:
“All Invoices are due and payable within 10 days from receipt. If any charge not the subject of legitimate dispute should remain unpaid for more than 75 days after becoming due, then [LexisNexis] reserves the right to require each remaining unpaid Monthly Installment for the Minimum Term or a current Renewal Term to immediately be paid in full to [LexisNexis].... ”
The invoices to Harp' submitted in support of the motion' for a summary judgment show an account balance of- $3,286.86 due on August 31, 2013, and an accelerated amount of $19,109.30 due on October 31, 2013, for all remaining payments due un *1222 der the subscription agreement. In his affidavit, Robert Berry, the manager of customer accounting for LexisNexis, testified:
“2. I am familiar with the record keeping practices of LexisNexis and I have reviewed documents kept in the normal course of business for LexisNexis pertaining to amounts owed to LexisNexis by [Harp], and I have reviewed them in detail, for the purpose of making this Affidavit.
“3. By virtue of my position of Manager Customer Accounting, I am custodian of records for LexisNexis. I have reviewed the file in accordance with the lawsuit and can testify that LexisNexis provided professional services to [Harp]. [Harp] has failed to fully pay for the services provided.
“4. The books and records of Lexis-Nexis further reflect that after crediting [Harp’s] account for all payments, adjustments and credits, there remains an outstanding balance due and owing for the services received in the principal sum of $22,409.10.
“5. LexisNexis has repeatedly made demands upon [Harp] for payment of the balance due on the account, but notwithstanding said demands, the account remains due and outstanding.”
On October 10, 2014, the trial court entered an order giving Harp leave to file a response to LexisNexis’s motion for a summary judgment by October 24, 2014, and noting that no hearing on the motion had been requested. On October 24, 2014, Harp filed a motion to strike Berry’s affidavit, in its entirety or, alternatively, in part, arguing that Berry’s statements were conclusory, speculative, and not based on his personal knowledge. On the same day, Harp filed a response in opposition to Lex-isNexis’s motion for a summary judgment. Harp stated:
“[LexisNexis] has moved for summary judgment on one issue, namely the allegation of ‘credit/open account’. (Def. Motion, pg. 1.) [LexisNexis] does not move for summary judgment on any other cause of action found in its Complaint. However,, in an abundance of caution, [Harp] will address the reasons as to why summary judgment fails on all of [LexisNexis’s] claims.”
Harp argued the following: 1) that Berry’s affidavit should be stricken; 2) that the narrative summary in LexisNexis’s motion lacked specific references as required by Rule 56, Ala. R. Civ. P.; 3) that an open account did not exist between the parties; 4) that no account stated existed between the parties; and 5) that additional discovery was needed for Harp to respond to the motion for a summary judgment. Harp attached two affidavits from Gregory Harp, the managing attorney of Harp. In the first affidavit, Gregory Harp testified that “I have personal knowledge that the invoices attached to Mr. Berry’s affidavit do not reflect an amount of either $22,409.10 or $23,160.57 owed by Harp Law, LLC to LexisNexis.” The first affidavit also contains statements that conflict with LexisNexis’s open-account claim. In the second affidavit, Gregory Harp requested time so that Harp could complete additional discovery, testifying, in relevant part:
“3. LexisNexis ... has moved for summary judgment premised on a confusing and unrecognized cause of action, namely ‘credit/open account’.
“4. [Harp] needs to complete certain discovery in this case (1) in order to fully respond to LexisNexis’s vague summary judgment motion and (2) in order to mount a full defense of the allegations made by LexisNexis.
“5. Specifically, in order to properly respond to LexisNexis’s summary judg *1223 ment [motion], [Harp] -will need to depose Robert J. Berry, an alleged employee of LexisNexis, who signed an affidavit, which was submitted in support of LexisNexis’s summary judgment [motion].
“6. Specifically, in order to properly respond to LexisNexis’s summary judgment [motion], [Harp] will also need to propound discovery that will require responses to written discovery including interrogatories, requests for admissions, and requests for production of documents. The documents attached to Lex-isNexis’s summary judgment [motion] fail to establish a prima facie ease of the causes of action alleged. Therefore, [Harp] will need to conduct discovery to determine each and every document that LexisNexis has in its possession related to the causes of action.
“7. Specifically, in order to properly respond to LexisNexis’s summary judgment [motion], [Harp] needs to take the deposition of LexisNexis’s .corporate representative and perform an Ala. R. Civ. P. 34 inspection of LexisNexis’s books referenced by [Berry] in his affidavit.
“8. Without the sought after discovery specifically identified above, [Harp] will suffer actual prejudice, and thus will be unable to fully respond to LexisNexis’s summary judgment motion.”
On October 31, 2014, the trial court entered an order denying Harp’s motion to strike Berry’s affidavit without stating a reason. On that same day, the trial court also entered a summary judgment in favor of LexisNexis, stating that “the undisputed facts are that a contractual relationship existed between the parties, that [Lexis-Nexis] has provided services pursuant to the contract, and that [Harp] has failed to timely pay for those services.” The trial court awarded LexisNexis $23,160.57 plus costs. Harp timely filed a notice of appeal to this court.

Standard of Review

We' apply the following standard of review of the trial court’s summary judgment:
“This Court’s review of a summary judgment is de ndvo. Williams v. State Farm Mut. Auto. Ins. Co., 886 So.2d 72, 74 (Ala.2003). We apply the same standard of review as the trial court applied. Specifically, we must determine whether the movant has made a prima facie showing that no genuine issue of material fact exists and that- the movant is entitled to a-judgment as a matter of law. Rule 56(c), Ala. R. Civ. P.; Blue Cross & Blue Shield of Alabama v. Hodurski, 899 So.2d 949, 952-53 (Ala.2004). In-'making such a determination, we must review the evidence in the light most favorable to the nonmovant. Wilson v. Brown, 496 So.2d 756, 758 (Ala.1986). Once the movant makes a prima facie showing that there is no genuine issue of material fact, the burden then shifts to the nonmovant to produce ‘substantial evidence’ as to the existence of a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989); Ala. Code 1975, § 12-21-12. ‘[Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer- the existence of the fact sought to be proved.’ West v. Founders Life Assur. Co. of Fla., 547 So.2d 870, 871 (Ala.1989).” .
Dow v. Alabama Democratic Party, 897 So.2d 1035, 1038-39 (Ala.2004).

Discussion

We note -that “[t]he purpose of Rule 56, Ala. R. Civ. P., is to avoid trials where no genuine issues of fact have been *1224 raised.” Public Relations Counsel, Inc. v. City of Mobile, 565 So.2d 78, 80 (Ala.1990). Pertaining to summary judgments, Rule 56(c)(3), Ala. R. Civ. P., provides, in part:
“The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moying party is entitled to a judgment as a matter of law.”
(Emphasis added.) Harp contends that the trial court erred in entering a summary judgment on LexisNexis’s breach-of-contract claim. In its complaint, LexisNex-is alleged claims of breach of contract, open account, and account stated. Lexis-Nexis moved generally- for -.a summary judgment, seeking the full amount requested in its complaint, and the trial court entered a ,- summary judgment on the ground that Harp had breached the subscription agreement. Harp argues that LexisNexis failed to satisfy the requirements regarding a narrative summary of facts under Rule 56 and that LexisNexis failed to meet its initial burden as a mov-ant for a summary judgment because, it alleges, LexisNexis relied on only its open-account claim in its motion for a summary judgment. Harp’s argument focuses solely on LexisNexis’s narrative summary of facts, which states that LexisNexis “provided professional services to [Harp] on credit/open account and [Harp] and has failed to pay for the services provided.” Rule 56(c)(1) provides, in relevant part:
“The motion shall be supported by a narrative summary of what the movant contends to be the undisputed material facts; that narrative summary may be set forth in the motion or may be attached as an exhibit. .The narrative summary shall be supported by specific references to pleadings, portions of discovery materials, or affidavits and may include citations to legal authority.”
Exhibits attached to a motion for a summary judgment may be considered in deciding whether the narrative-summary requirement of Rule 56(c)(1) has been met. A.W. ex rel. Hogeland v. Wood, 57 So.3d 751, 758 (Ala.2010). Therefore, if the exhibits attached to the summary-judgment motion demonstrated that it had proven a prima facie ease regarding its breach-of-contract claim, then LexisNexis’s motion met the narrative-summary requirement as to that claim.
“In order to recover on a breach-of-contract claim, a party must establish: (1) the existence of a valid contract binding the parties; (2) the plaintiffs performance under the contract; (3) the defendant’s nonperformance; 'and (4) damages.” Capmark Bank v. RGR, LLC, 81 So.3d 1258, 1267 (Ala.2011) (citing Reynolds Metals Co. v. Hill, 825 So.2d 100, 105 (Ala.2002)). LexisNexis attached exhibits to its motion that evidence a contract between the parties that required Harp to make payments, i.e., the subscription agreement; Harp’s nonpayment for the services ' rendered; and the amount owed under the subscription agreement for services Harp received. Harp asserts that LexisNexis’s motion and exhibits do not establish the existence of an acceleration clause permitting Lexis-Nexis to seek the amount owed for the remaining period under the subscription agreement, during which Harp did not receive services. The subscription agreement, however, does contain an acceleration clause that provides LexisNexis the right “to require each remaining unpaid Monthly Installment for the Minimum Term ... to immediately be paid in full to LexisNexis.”. Because the exhibits contain sufficient ■ faqts to' establish each of the elements of a breach-of-contract claim, we conclude that LexisNexis met its initial *1225 burden ^ of demonstrating a prima facie case as to its breach-of-contract claim and that it satisfied the narrative-summary requirement. Therefore, the burden shifted to Harp to present a genuine issue of material fact.
Harp argues that there was a genuine issue óf material fact regarding the element of damages. In his affidavit, Berry testified that Harp owed the principal amount of $22,409.10 plus interest. Harp asserts that the invoices submitted in support of LexisNexis’s motion for a summary judgment do not total the amount Lexis-Nexis alleged Harp owed. The invoices show that Harp owed a total of $22,396.16, which consists of an account balance of $3,286.86 and an accelerated amount of $19,109.30 for all remaining payments due under the subscription agreement. On appeal, LexisNexis concedes that the amount supported by the invoices is between $12 and $13 less than the principal amount that Berry testified Harp owed.
Harp does not dispute the evidence supporting the other elements of a breach-of-contract claim. Therefore, we reverse the judgment as to damages and remand the matter to the trial court for it to enter a judgment in favor of LexisNexis for $22,396.16, the amount supported by the invoices, plus interest and costs. Because we otherwise affirm the summary judgment in favor of LexisNexis on its breach-of-contract claim, we pretermit Harp’s arguments that it raised an issue of material fact regarding LexisNexis’s open-account claim.
Assuming for the sake of argument that LexisNexis moved for a summary judgment only on its open-account claim, we consider Harp’s argument that it did not' receive notice that the trial court would consider LexisNexis’s breach-of-contract claim on summary judgment and that it was not given an opportunity to. defend against that claim. We note that Harp fails to argue that it was prejudiced by the lack of notice, and, in its response to Lex-isNexis’s motion, Harp stated that it “will address the reasons as to why summary judgment fails on all of [LexisNexis’s] claims.” See Peebles v. Mooresville Town Council, 985 So.2d 388, 392 (Ala.2007) (holding that party was not prejudiced when'it “failed to identify exactly how its inability to study the [reply] brief [filed one day before summary-judgment hearing] prejudiced it”). Moreover, there is no indication in the record that Harp raised an objection in the trial court regarding the lack of notice or a hearing, and Harp did not file any postjudgment motions. “[A]n objection for failure to comply with the provisions óf [Ala.] R. Civ. P. 56(c) may not be raised for the first time on appeal.” Brown v. Piggly-Wiggly Stores, 454 So.2d 1370, 1371-72 (Ala.1984). Because an alleged lack óf notice has been raised for the first time on appeal, we need not further consider the argument.
Harp also argues that the trial court exceeded its discretion by entering a summary judgment despite an affidavit by Greg Harp requesting additional time to complete discovery.
“Rule 56(f)[, Ala. R. Civ. P.,] allows a party who has no specific material contradicting his opponent’s presentation to survive a summary judgment motion if .he presents valid reasons justifying his failure of proof.- Rule 56(f) provides:
“ ‘Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or *1226 discovery to be had or may make such other order as is just.’
“A party seeking the shelter of Rule 56(f) must offer an affidavit explaining to the court why he is unable to make the substantive response required by Rule 56(e). If no crucial evidence would be supplied by the discovery, it is not error for the trial court to enter summary judgment with discovery pending.”
Hope v. Brannan, 557 So.2d 1208, 1213 (Ala.1989).[2] Harp asserts that it needed additional discovery to explain the discrepancy between the amount Berry testified Harp owes and the total amount shown in the invoices. That reason, however, was not stated in Greg Harp’s affidavit. Greg Harp’s affidavit generally asserted only that discovery was needed to respond to LexisNexis’s motion for a summary judgment and that Harp needed to inspect LexisNexis’s books. The vague assertions in a similar affidavit led our supreme court to characterize the affidavit as conclusory and as “failing] even to identify what crucial evidence ... discovery might disclose.” Stallworth v. AmSouth Bank of Alabama, 709 So.2d 458, 469 (Ala.1997). We conclude that Greg Harp’s affidavit fails to comply with Rule 56(f). Therefore, the trial court properly ignored the affidavit in entering a summary judgment.
Harp contends that the trial court erred in denying its motion to strike Berry’s affidavit, alleging that Berry’s affidavit contains hearsay and conclusory statements. Harp fails to allege within its argument on appeal any particular hearsay statements, and it cites only general legal authority that such testimony must be admissible at trial to be considered in support of a motion for a summary judgment. Harp does not explain why the statements that it alleges are conclusory should have been excluded or cite to authority supporting the exclusion of such statements. Therefore, we decline to consider that argument. See Asam v. Devereaux, 686 So.2d 1222, 1224 (Ala.Civ.App.1996) (“This court will address only those issues properly presented and for which supporting authority has been cited.”); White Sands Grp., L.L.C. v. PRS II, LLC, 998 So.2d 1042, 1058 (Ala.2008) (“Rule 28(a)(10) [, Ala. R. App. P.,] requires that arguments in briefs contain discussions of facts and relevant legal authorities that support the party’s position. If they do not, the arguments are waived.”).

Conclusion

For the foregoing reasons, we reverse the trial court’s summary judgment only on the issue of damages and affirm all other aspects of the trial court’s summary judgment. We remand the matter to the trial court with instructions to enter a judgment in favor of LexisNexis for the principal amount of $22,396.16 plus interest and costs.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. The full name, of this entity is not clear from the record. The complaint and other documents in the record identify this entity simply as “LexisNexis." The subscription agreement in the record identifies -the parties to the agreement as “Harp Law Firm, LLC,” and “LexisNexis, a division of Reed Elsevier Inc.” In a brief to this court, the appellee is identified as "LexisNexis, LLC.”

. Rule 56(f), Ala. R. Civ. P., has been amended since Hope was decided in 1989. The amendments were minor and have not substantially altered the substance of the rule.